UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SATSCHEL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GREGORY WILSON, <br><br> Defendant. | 4:23-CV-04159-CCT <br><br><br> ORDER DENYING MOTION TO DISQUALIFY COUNSEL |

Plaintiff Satschel, Inc. moves to disqualify Michael Stegawski and Convergent Litigation Associates as counsel for Defendant Gregory Wilson. Docket 24. Wilson opposes the motion. Docket 36. For the following reasons, Satschel's motion is denied.

## BACKGROUND

On January 12, 2023, Satschel and Wilson executed a Purchase and Sale Agreement (Agreement) for Satschel to purchase the shares of Wilson's company Variable Investment Associates, Inc. (VIA) and membership interests of Wilson Insurance Marketing Association (WIMO) for $3,000,000. Docket 1. The Agreement required Satschel to make installment payments, including an Initial Payment of $1,000,000. *Id.* Satschel made the initial payment on execution of the Agreement but did not make the next installment payment. It is disputed why Satschel did not make the second installment payment.

In October 2023, Satschel brought this action against Wilson, alleging fraud in the inducement and rescission and restitution. In the alternative, Satschel alleged breach of contract and fraud and deceit. Docket 1. Satschel contends that Wilson failed to disclose, in violation of certain representations and warranties made in the Agreement, an ongoing investigation into his company by Financial Industry Regulatory Authority (FINRA) and an examination by the Securities and Exchange Commission (SEC). *Id.* Satschel further alleges that Wilson affirmatively misrepresented that the website www.liquiditymaker.com would be available to Satschel upon closing to use "for the purposes outlined[.]" *Id.*

Stegawski, who is admitted pro hac vice, and Woods, Fuller, Shultz & Smith, P.C. represent Wilson in defense of Satschel's suit. Dockets 7, 10. Stegawski also represented Wilson during his negotiation and execution of the Agreement with Satschel. In addition, he represented Wilson and VIA before the SEC during its September 2022 examination and before FINRA during its investigation. Docket 16-16.

On January 19, 2024, Wilson filed a motion to dismiss Satschel's suit for lack of subject matter jurisdiction, asserting the suit is not ripe for adjudication. Docket 16. In support of this motion, Stegawski personally filed a Declaration. Docket 16-16. In the Declaration, Stegawski referred to exhibits attached to Wilson's motion to dismiss, including a written communication between Stegawski's law firm on behalf of VIA and the SEC regarding the SEC's examination and an email communication Stegawski received from a

2

representative of Satschel during the parties' negotiation of the Agreement at issue. *Id.* Stegawski also made personal averments in the Declaration regarding his communications with others, including FINRA and Wilson, concerning FINRA's action against VIA and his legal advice thereafter. *Id.* Finally, Stegawski included an averment concerning his discussions with a Satschel representative about www.liquiditymaker.com. *Id.*

According to Satschel, Stegawski and his law firm must be disqualified because Stegawski's Declaration evinces he will be a necessary witness in this case on "the extent and nature of his conversations with [Satschel representatives] regarding the matters outlined in his Declaration"; "the facts and circumstances surrounding the Purchase and Sale Agreement [] given that he drafted it and discussed it with Satschel's representatives"; "the facts and circumstances surrounding the various exhibits attached to his Declaration"; and on "other such conduct alleged in the Motion and testified to in the Declaration and accompanying exhibits." Docket 25. Satschel also argues that disqualification is necessary because it has "no other means of obtaining the information than to depose Attorney Stegawski, the information is all relevant to the claims and defenses in this matter, and it is crucial to the preparation of the case." *Id.* Satschel notes that Wilson listed Stegawski as a person with discoverable information. *Id.*

## LEGAL STANDARD

This Court applies South Dakota law when ruling on a motion to disqualify counsel in diversity cases. *Midwest Motor Sports, Inc. v. Arctic Cat*

*Sales, Inc.*, 144 F.Supp.2d 1147, 1153 (D.S.D. 2001), *aff'd at* 347 F.3d 693 (8th Cir. 2003). Under SDCL 19-1-3,

> When an attorney is a witness for his client upon any trial except as to merely formal matters such as the attestation or custody of an instrument or the like, he shall not further participate in such trial. This section shall not apply when such attorney's testimony is offered in answer to evidence received on behalf of the other party and it shall appear to the satisfaction of the court that such attorney had no reason to anticipate the necessity of his being a witness.

Further, Rule 3.7 of the South Dakota Rules of Professional Responsibility provides that: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client; or (4) except as otherwise provided by statute. Rule 3.7(a)." SDCL chapter16-18, Appx. A. The comments to Rule 3.7 note that "a balancing is required between the interests of the client and those of the tribunal and the opposing party" and "in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client." *Id.* cmt. 4.

The South Dakota Supreme Court explained that a party seeking disqualification must show: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Harter v. Plains Ins. Co.*, 579 N.W.2d 625, 631 (S.D. 1998); *see also Rumpza v. Donalar Enterp., Inc.*, 581 N.W.2d 517, 525 (S.D. 1998). While this test is

typically used to determine whether to allow current counsel to be deposed, "[b]y logical extension, the [test] also applies to determine whether an opposing counsel may be called as a witness at trial." *Wilson Rd. Dev. Corp. v. Fronabarger Concreters, Inc.*, No. 1:11-CV-00084-CEJ, 2015 WL 269795, at *1 (E.D. Mo. Jan. 21, 2015). However, disqualification is not limited to the actual trial; rather, the statute "has the same force and logic to proceedings preparatory to the actual jury trial." *Rumpza*, 581 N.W.2d at 525. Therefore, while the necessary witness rule "does not normally disqualify the lawyer from performing pretrial activities; the one exception is when the 'pretrial activity includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role.'" *Droste v. Julien*, 477 F.3d 1030, 1036 (8th Cir. 2007) (quoting *World Youth Day, Inc. v. Famous Artists Merc. Exch., Inc.*, 866 F.Supp. 1297, 1303 (D. Colo. 1994)).

## DISCUSSION

Stegawski's Declaration attests to information he knows personally and appears to concern matters relevant to the issues in the case. However, Satschel has not established that it has no other means to obtain the information about FINRA's investigation and the SEC's examination into VIA other than from deposing Stegawski. Satschel has similarly failed to show that Stegawski is the only source for obtaining the information and evidence regarding conversations he had with Satschel representative Eric Choi about www.liquiditymaker.com. Further, while Satschel claims a need to depose Stegawski to determine the context and background for his version of the

events related in the Declaration, Satschel has not met its burden of proving that this information is crucial to its preparation of the case.

Importantly, "[o]ne purpose of the necessary witness rule is to avoid the possible confusion which might result from the jury observing a lawyer act in dual capacities—as witness and advocate." *Droste*, 477 F.3d at 1035–36. At this juncture, there is no such potential for confusion. Moreover, to the extent Stegawski acted as an advocate in his Declaration, this Court has the authority to decline to rely on Stegawski's personal attestations—deem them incompetent and stricken from the record—when ruling on the merits of Wilson's motion to dismiss. *See In re Evan's Estate*, 238 N.W.2d 677, 680 (S.D. 1976).

The Eighth Circuit Court of Appeals cautions that motions to disqualify counsel are to be subject "to particularly strict scrutiny." *Droste*, 477 F.3d at 1035. This is because "[a] party's right to select its own counsel is an important public right and a vital freedom that should be preserved; [thus,] the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." *Macheca Transp. Co. v. Phila. Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (quoting *Banque Arabe Et Internationale D'Investissement v. Ameritrust Corp.*, 690 F.Supp. 607, 613 (S.D. Ohio 1988)).

## CONCLUSION

Satschel has not met its burden to show disqualification is necessary at this time. However, if, at a later stage in these proceedings, it becomes apparent that Stegawski will indeed be a necessary witness, Satschel is not precluded from filing a motion to disqualify counsel.

Accordingly, it is hereby

ORDERED that Satschel's motion to disqualify counsel, Docket 24, is denied without prejudice.

DATED October 2, 2024.

BY THE COURT:

_____
CAMELA C. THEELER
United States District Judge