UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SATSCHEL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY WILSON,<br><br>Defendant. | 4:23-CV-04159-CCT<br><br>ORDER DENYING MOTION TO DISMISS AND MOTION FOR PARTIAL SUMMARY JUDGMENT |

Defendant Gregory Wilson moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Satschel, Inc.'s suit for lack of subject matter jurisdiction, alleging Satschel's claims are not ripe for judicial review. Docket 16. Wilson also moves pursuant to Federal Rule of Civil Procedure 56(a) for partial summary judgment on Satschel's claim that Wilson failed to disclose an examination by the Securities and Exchange Commission (SEC). Docket 21.

**FACTUAL BACKGROUND**

On January 12, 2023, Satschel and Wilson executed a Purchase and Sale Agreement (Agreement) for Satschel to purchase the shares of Wilson's company Variable Investment Associates, Inc. (VIA) and membership interests of Wilson Insurance Marketing Association (WIMO) for $3,000,000. Docket 3. The Agreement required Satschel to make installment payments, including an Initial Payment of $1,000,000. *Id.* Satschel made the initial payment on

execution of the Agreement but did not make the next installment payment. It is disputed why Satschel did not make the second installment payment.

In October 2023, Satschel brought this action against Wilson, alleging fraud in the inducement and rescission and restitution. Docket 3. In the alternative, Satchel alleged breach of contract and fraud and deceit. *Id.* Satschel also sought punitive damages. *Id.* Satschel's claims implicate representations and warranties made by Wilson in the Agreement. *Id.*

Paragraph 12.4 of the Agreement provides in relevant part:

> <u>Absence of Undisclosed Liabilities</u>. The Seller represents and warrants that there are no known and undisclosed liabilities. All known liabilities are identified in VIA's and WIMO's financial statements. The Seller also represents that there are no lawsuits or governmental investigations pending or threatened against VIA or WIMO.

*Id.* Paragraph 12.5 provides in relevant part:

> <u>Absence of Material Changes</u>. Since November 14, 2022, there have not been any changes in VIA's or WIMO's financial condition, assets, or liabilities, other than changes in the ordinary course of business, none of which have been materially adverse.

*Id.*

In its complaint, Satschel asserted that Wilson did not disclose a Financial Industry Regulatory Authority (FINRA) investigation or a Securities and Exchange Commission (SEC) examination concerning VIA and thus affirmatively misrepresented when he signed the Agreement that no governmental investigations were pending and that there had been no changes in VIA's liabilities. Docket 3. Satschel further asserted that Wilson knew that www.liquiditymaker.com "had been specifically denied the proper legal

2

authority to do the very thing for which Satschel was purchasing the site" and thus affirmatively misrepresented that the website would be available to be used by Satschel on closing of the Agreement "for the purposes outlined[.]" *Id.*

## MOTION TO DISMISS

Wilson moves to dismiss Satschel's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging that "[n]o injury has yet to be sustained and a contingent liability is too abstract at this stage to support a cause of action." Docket 16. Wilson's brief filed in support explains that VIA is a registered broker dealer by the SEC and is authorized to conduct "(i) sales of mutual funds, (ii) sales of variable life insurance policies and variable annuities, and (iii) the operation of alternative trading systems." Docket 17. Wilson further notes that VIA is a member of FINRA, a self-regulated organization for broker dealers. *Id.* Wilson does not dispute that the SEC commenced an examination of VIA in September 2022 or that in November 2022, FINRA gave Wilson notice it was referring its investigation to its Department of Enforcement. *Id.*

However, Wilson argues that Satchel's claims in the current lawsuit are not ripe because neither the SEC examination nor the FINRA investigation have reached final determination. Docket 17. In Wilson's view, therefore, "[n]o injury has yet to be sustained and contingent liability is too abstract at this stage to support a cause of action." *Id.* Wilson further argues that additional factual development is necessary to create the case and controversy requirement on Satschel's claims related to www.liquiditymaker.com. *Id.* In particular, he contends that although FINRA had denied a prior application for the website to

be used as a trading platform, "Satschel has not even filed a continuing membership application to permit the operation of its system." *Id.* Therefore, in Wilson's view, it is mere speculation whether the prior denial would have any effect on a subsequent application by Satschel. *Id.*

In response, Satschel asserts that its "claims against Wilson are not based on hypothetical, contingent events that may or may not occur in the future." Docket 26. Rather, according to Satschel, its claims are ripe for judicial review because "they are based on established, material misrepresentations that have resulted in harm to Satschel." *Id.* In particular, Satschel contends that had it "known the truth and extent of the information misrepresented by Wilson," regarding the inability to use www.liquiditymaker.com for its intended purpose and the pending governmental investigations into VIA and WIMO, Satschel "would not have executed the Agreement and paid one million dollars towards the same." *Id.*

Federal courts have limited jurisdiction to hear cases authorized by Article III of the Constitution, which requires that there be a case or controversy at every stage of the litigation. *Gracy v. City of Valley Park*, 567 F.3d 976, 982 (8th Cir. 2009). "This requirement, also known as a matter's justiciability, is typically tested by three doctrines: ripeness, mootness, and standing." *Nichols v. MMIC Ins. Inc.*, 68 F.Supp.3d 1067, 1080 (D.S.D. 2014). Ripeness is at issue here. To determine whether a dispute is ripe, a court must analyze "both 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* (quoting *Pub. Water Supply*

4

*Dist. No. 10 v. City of Peculiar*, 345 F.3d 570, 573 (8th Cir. 2003)). "A party seeking judicial relief must necessarily satisfy both prongs to at least a minimal degree." *Nebraska Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir. 2000).

Fitness examines "the court's ability to visit a specific issue" to prevent "judicial review of hypothetical or speculative disagreements." *Nichols*, 68 F.Supp.3d at 1080 (citation omitted). "Whether a case is 'fit' depends on whether it would benefit from further factual development." *Pub. Water Supply*, 345 F.3d at 573. "The case is more likely to be ripe if it poses a purely legal question and is not contingent on future possibilities." *Id.* (citation omitted).

Under the hardship prong, "[a]bstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury[.]" *Id.* "This factor assesses the potential harm suffered, either financial or due to uncertainty-induced behavior in the absence of adjudication." *Nichols*, 68 F.Supp.3d at 1080. While "the injury should be certainly impending[,]" a plaintiff need not wait until the injury occurs. *Id.*

Here, both the fitness and hardship prongs weigh in Satschel's favor. Satschel's suit is not based on a hypothetical or speculative disagreement; it concerns representations already made by Wilson prior to the parties executing the Agreement. Similarly, Satschel alleges a current, rather than abstract, injury of at least $1,000,000, representing what it otherwise would not have paid Wilson had it known the true facts prior to executing the Agreement. Neither the result of the FINRA investigation nor the result of what Wilson

5

contends could be done related to www.liquiditymaker.com would further ripen Satschel's claims against Wilson. Therefore, Wilson's motion to dismiss is denied.

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Wilson filed a motion for partial summary judgment on Satschel's claim that he failed to disclose the SEC examination. Docket 21. Wilson asserts that such examination was disclosed to Satschel in an email prior to the parties executing the Agreement. Docket 23. Satschel concedes that Wilson disclosed the SEC examination prior to the parties executing the Agreement and agrees that its "claims cannot be based on the September 29, 2022 SEC examination notice letter[.]" Docket 29. Satschel therefore requests the Court "strike any reference to the September 2022 SEC Letter in Satschel's Complaint." *Id.* Satschel, however, argues that Wilson's motion for partial summary judgment should be denied because each count in its Complaint is supported by additional misrepresentations unrelated to the SEC examination. *Id.*

Wilson responds that striking Satschel's claims as they relate to the SEC examination is insufficient. Docket 34. In his view, after counsel for Satschel was put on notice of facts and information that foreclose the claims related to the SEC Examination, he "was required to consult with his client, and if necessary, withdraw the claims." *Id.* Wilson then argues that counsel's failure to do so under the circumstances warrants the imposition of Rule 11 sanctions. *Id.*

The Court grants Satschel's request to strike any reference to the September 2022 SEC letter in the Complaint. Once that information is stricken, Wilson's motion for partial summary judgment becomes moot. Notably, although Satschel did not officially withdraw its claim that Wilson failed to disclose the SEC examination, Satschel did not, in response to Wilson's motion to dismiss or the motion for partial summary judgment, pursue that claim. Because the issue concerning whether Wilson failed to disclose the SEC examination is no longer in dispute, the Court denies Wilson's motion for partial summary judgment. *See, e.g., Mercantile Bank of Springfield v. Joplin Regional Stockyards, Inc.*, 870 F.Supp. 278 (W.D. Mo. 1994) (denying motion for partial summary judgment after striking, on defendant's request, defendant's affirmative defense regarding a claim of lack of notice). The Court also declines to impose Rule 11 sanctions.

Accordingly, it is hereby

ORDERED that Wilson's motion to dismiss, Docket 16, is denied; and it is further

ORDERED that Wilson's motion for partial summary judgment, Docket 21, is denied.

DATED October 2, 2024.

BY THE COURT:

_____
CAMELA C. THEELER
United States District Judge