UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SATSCHEL, INC.,<br><br>                Plaintiff,<br><br>        vs.<br><br>GREGORY WILSON,<br><br>                Defendant. | 4:23-CV-04159-CCT<br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR SANCTIONS** |

Defendant Gregory Wilson filed a motion requesting the Court impose "the ultimate sanction of dismissal" against Plaintiff Satschel, Inc. for Satchel's "discovery violations aimed to conceal material evidence." Docket 62 at 1, 2; Docket 61. He also requested an award of attorney fees and costs. Docket 62 at 2. Pursuant to 28 U.S.C. § 636(b)(1), the Court referred Wilson's motion to Magistrate Judge Veronica Duffy for recommended disposition. Docket 81.

In her report and recommendation, Magistrate Judge Duffy noted that "[t]his case has already been burdened with much litigation[,]" including two motions for summary judgment by Wilson that were denied by this Court. Docket 95 at 2. The magistrate judge incorporated by reference this Court's determinations in its order denying Wilson's motion for summary judgment. *Id.* She then identified that Wilson's arguments in support of his motion for sanctions are the same arguments he made in support of his motion for summary judgment—arguments this Court found to implicate material issues

1

of disputed fact. *Id.* at 5; *see also* Docket 93. In light of this, Magistrate Judge Duffy aptly observed that if there are genuine issues of material fact in dispute preventing summary judgment in Wilson's favor, "then those same genuine issues of material fact prevent dismissal as a sanction for alleged discovery abuses too." Docket 95 at 6.

As it pertains to Wilson's claim that Satschel engaged in willful discovery violations concerning the disclosure of the ARQ ATS application, Magistrate Judge Duffy disagreed with Wilson's argument that his discovery requests were broad enough to warrant Satschel producing documents relative to ARQ. *Id.* Rather, based on her review of the discovery requests, she determined that "they do not plainly call for discovery related to ARQ." *Id.* She also noted that Wilson did not support his argument with reference to a specific discovery request or explain "why the discovery request should have resulted in production of discovery about ARQ." *Id.*

Magistrate Judge Duffy also noted that when counsel for Wilson confronted counsel for Satschel about the discovery issue, counsel for Satschel took responsibility for the failure to produce, explaining that he did not believe Satschel had a duty to produce discovery that was in possession of ARQ, a separate corporate entity. *Id.* In the magistrate judge's view, "this is a far cry from the kind of bad faith, willful, and obdurate flouting of the discovery rules that would justify the sanction of dismissal." *Id.* Ultimately, the magistrate judge determined that "Wilson's motion seeking to dismiss Satschel's complaint for asserted discovery abuses is without merit." *Id.* at 8. The magistrate judge,

2

therefore, recommends this Court deny Wilson's motion for sanctions. *Id.* at 8–9. Wilson objects to the recommendation. Docket 97.

## I.    Legal Standard

A magistrate judge to whom a dispositive motion is referred must proceed by filing a report and recommendation to the district court for the disposition of the motion. 28 U.S.C. § 636(b)(1)(B). "A judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II.    Analysis

Wilson advances five objections to Magistrate Judge Duffy's report and recommendation. Docket 97. Each objection is addressed in turn.

### A. First Objection

Wilson contends:

> Regardless of whether Satschel intended to operate two alternative trading systems (which is disputed), by July of 2023, Satschel had already decided to operate the system designated for VIA at ARQ. Critically, Satschel did not voluntarily disclose that one month before issuing its demand letter and rescission request preceding this lawsuit, it applied to register that same alternative trading system ("*ATS*") through ARQ. That is evidenced by the transaction processing flow charts prepared in July of 2023 (Docket 61-7) and the ARQ CMA excerpts (Docket 61-8). Satschel's proposed system was described in Alina Trombley's email (Docket 16-7) and the parties' letter of intent (Docket 33-6).

*Id.* at 1.

The precise nature of Wilson's objection is not clear. He does not cite any portion of the report and recommendation or argue on what basis Magistrate Judge Duffy erred. As a result, there is nothing for this Court to review de novo as it pertains to this objection. *See Russell v. Rapid City Area Schs.*, CIV. 18-5015-JLV, 2021 WL 4273002, at *2 (D.S.D. Sept. 21, 2021) (providing that a "district court need not conduct de novo review when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." (quoting *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)).

However, to the extent the objection is construed as a challenge to Magistrate Judge Duffy's determination that the existence of disputed material issues of fact on Wilson's "ARQ theory" precludes imposing dismissal as a sanction for alleged discovery abuses related to AQR, Docket 95 at 6, the objection fails. This Court has reviewed the parties' briefs related to Wilson's motion for sanctions and the record evidence. The Court agrees with Magistrate Judge Duffy's determination that the import of Satschel's decision to operate a trading system through ARQ is materially disputed. Moreover, although postured as an objection to the report and recommendation, Wilson's objection is really an attempt to relitigate this Court's determination in its order denying summary judgment that material issues of fact are in dispute on Satschel's intent with ARQ. *See* Docket 97 at 1 (claiming "by July of 2023, Satschel had already decided to operate the system designated for VIA at ARQ"); Docket 62 at 2 (same); Docket 74 at 18 (asserting "Satschel did not change course due to

4

any alleged misrepresentations from Wilson, but rather changed course once it obtained regulatory approval to acquire ARQ in June of 2023").

Wilson's first objection is overruled.

**B. Second Objection**

Wilson contends:

> The Recommendation notes that Wilson's discovery requests did not particularly identify ARQ. But Wilson did not even know about the existence of two alternative trading systems or about Satschel's FINRA application through ARQ when the discovery requests were served. There is no evidence that Wilson even knew of a second ATS. Wilson was only informed that Satschel had acquired another broker dealer. A broker dealer is a registered financial institution. An alternative trading system is a type of business line permitted to be operated within a registered broker dealer.

Docket 97 at 1–2.

Satschel responds that "Wilson's representation to this Court is belied by testimony he obtained in depositions he took prior to serving his discovery requests." Docket 99 at 3. Satschel notes that Wilson served his discovery requests on April 29, 2024, approximately a month after learning about ARQ in depositions. *Id.* at 5. Satschel then quotes Eric Choi's March 25, 2024 deposition testimony wherein counsel for Wilson asked Choi multiple questions about ARQ and about Satschel's intent to run two ATSs through two broker-dealers. *Id.* at 3–4 (quoting Docket 71-1 at 1–7). Satschel also quotes Austin Trombley's March 27, 2024 deposition testimony related to Satschel and ARQ and Satschel's decision to operate two ATSs and two broker-dealers. *Id.* at 4 (quoting Docket 71-2 at 3). Finally, Satschel notes that Wilson had issued a subpoena to ARQ on April 23, 2024—before the discovery requests. *Id.* at 5.

Although Satschel focuses on the April 2024 discovery requests, Wilson also served discovery requests on Satschel in December 2023, which is before both Mr. Choi and Mr. Trombley were deposed. *See* Docket 61-2. Nevertheless, the Court has reviewed the discovery requests and agrees with Magistrate Judge Duffy that the discovery requests—both from December 2023 and April 2024—"do not plainly call for discovery related to ARQ." *See* Docket 95 at 6. The Court also finds, from its de novo review of the record evidence, that Wilson had sufficient information to specifically request discovery related to ARQ in, at the very least, his April 2024 discovery requests.

Wilson's second objection is overruled.

### C. Third Objection

Wilson contends:

> The Recommendation conflates a domain name with an alternative trading system. VIA formerly applied to operate an alternative trading system. That application proposed the use of the www.liquiditymaker.com domain name. Satschel proposed to create a new ATS (the one described in Docket 16-7) and purchased the inactive www.liquiditymaker.com domain name for use. A domain, like a telephone number, is simply an electronic identification. The SEC and FINRA do not register domain names or telephone numbers. In other words, the evidence presented does not support the contention that Satschel sought to continue development of the former VIA ATS that never received regulatory approval. Instead, Satschel acquired VIA to apply for approval to operate its new alternative trading system, one using a blockchain letter and transacting in digital securities. Satschel simply sought to brand its system under the Liquidity Maker mark and under the www.liquiditymaker.com domain name.

Docket 97 at 2.

While Wilson contends the report and recommendation conflates certain concepts, he does not direct this Court to specific language from the report and

recommendation wherein Magistrate Judge Duffy so erred or, more importantly, how any such error would be material to the propriety of the motion for sanctions. Even so, similar to Wilson's first objection, this objection is in effect an improper attempt to relitigate the Court's determination on summary judgment that material issues of fact are in dispute on Satschel's intent with the domain name www.liquiditymaker.com.[1]

Wilson's third objection is overruled.

### D. Fourth Objection

Wilson contends:

> Failing to impose sanctions is effectively encouraging Satschel's discovery abuses. The fact that Wilson was eventually able to obtain the information and documents from third parties does not change the fact that Satschel should have disclosed them in the first instance.

Docket 97 at 3.

In his motion for sanctions, Wilson asserts that Satschel engaged in willful discovery violations with a specific design to conceal the evidence that it had made the decision to operate a trading system through ARQ and the domain of liquidity.io. Docket 62 at 16. In support, he claims that Satschel did not merely fail to produce one document; Satschel failed to produce "a multitude of emails among Eric Choi and Austin and Alina Trombley, as well as John Whittaker, discussing the ARQ regulatory application, correspondence

---

[1] Wilson questions one statement from this Court's order denying summary judgment. *See* Docket 97 at 2 n.1. However, he has not shown how the statement—if incorrect— is material or otherwise impacts the parties' continued litigation in this case. It was neither a statement of the law nor a final determination of the state of the facts. Therefore, the Court need not resolve Wilson's challenge in this regard.

among Satschel's attorneys and consultants with FINRA, and the FINRA
regulatory applications themselves." *Id.* at 22. He also contends that the
willfulness of the violation is supported by the fact Choi gave "misleading or
outright false" deposition testimony related to ARQ. *Id.* at 23. Further,
according to Wilson, the reasons given by experienced counsel for Satschel—
that he did not believe Satschel had a duty to disclose evidence in possession
of a wholly owned subsidiary ARQ—"are post facto excuses in attempt to
salvage the value of the legal claims asserted." *Id.* at 16.

"Under Federal Rule of Civil Procedure 37(b)(2)(A), the district court may
impose sanctions for discovery violations, including dismissal of the action in
whole or in part." *Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 572 (8th Cir. 2012)
(per curiam). However, "[i]n our system of justice the opportunity to be heard is
a litigant's most precious right and should be sparingly denied." *Chrysler Corp.
v. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999) (citation omitted). "[D]ismissal
may be considered as a sanction only if there is: (1) an order compelling
discovery; (2) a willful violation of that order; and (3) prejudice to the other
party." *Keefer v. Provident Life and Accident Ins. Co.*, 238 F.3d 937, 940 (8th
Cir. 2000) (citing *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)).

Wilson has not met his burden of showing that Satschel engaged in
willful discovery violations. The Court acknowledges that Satschel did not, in
response to Wilson's discovery requests, produce the evidence Wilson thereafter
obtained from third parties related to ARQ. However, neither the December
2023 nor April 2024 discovery requests specifically refer to ARQ. "As used in

the context of Rule 37(b), willful implies a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance." *Smith v. Smith*, 3:22-CV-03011-RAL, 2025 WL 2779201, at *2 (D.S.D. Sept. 30, 2025) (citation omitted). Also, Wilson does not allege, or show, that he was prejudiced under the circumstances. Therefore, the extreme sanction of dismissal is not warranted.

Wilson's fourth objection is overruled.

**E. Fifth Objection**

Wilson contends:

> Magistrate Duffy incorporated by reference "facts found" by the District Court in ruling on Mr. Wilson's Motion for Summary Judgment. This is error because the standard in ruling on a motion for summary judgment is viewing evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party.

Docket 97 at 3.

This objection is troubling. Not only did Wilson isolate two words from Magistrate Judge Duffy's sentence to argue error, he then implied that *this Court* improperly made factual findings on summary judgment or that *Magistrate Judge Duffy* does not understand summary judgment law. Magistrate Judge Duffy's report and recommendation provides: "The court incorporates by reference the statement of undisputed and *disputed material facts found by the district court* in ruling on Wilson's last motion for summary judgment as well as facts asserted by the parties in connection with the instant motion." Docket 95 at 2 (emphasis added). As the sentence correctly states,

this Court found the existence of both disputed and undisputed material facts when denying Wilson's motion for summary judgment.

Wilson's fifth objection is overruled.

## CONCLUSION

Accordingly, it is hereby

ORDERED that Wilson's objections to the Report and Recommendation, Docket 97, are overruled. It is further

ORDERED that the Report and Recommendation, Docket 95, is adopted in full. It is further

ORDERED that Wilson's Motion for Sanctions, Docket 61, is denied.

Dated February 9, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE