UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SATSCHEL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY WILSON,<br><br>Defendant. | 4:23-CV-04159-CCT<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OR, IN THE ALTNERATIVE, CERTIFICATION FOR INTERLOCUTORY APPEAL** |

Defendant Gregory Wilson moves this Court under Federal Rule of Civil Procedure 54(b) to reconsider its order granting Plaintiff Satschel, Inc.'s renewed motion to disqualify counsel. Docket 100. Wilson asserts that the Court applied the wrong law and decided the matter incorrectly. Docket 101. Wilson alternatively requests that the Court certify the order disqualifying counsel for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *Id.* Satschel opposes both the motion to reconsider and alternative request to certify the disqualification order for interlocutory appeal. Docket 103.

**MOTION TO RECONSIDER**

I.     **Legal Standard**

Under Rule 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Eighth

1

Circuit advises that "a motion for reconsideration serves the limited function 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Woodward v. Credit Serv. Int'l Corp.*, 132 F.4th 1047, 1058 (8th Cir. 2025) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). However, a motion to reconsider under Rule 54(b) "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015).

## II.    Discussion

Satschel filed its first motion seeking to disqualify Wilson's attorney Michael Stegawski prior to the parties engaging in discovery. Docket 24. The Court denied the motion but indicated that Satschel could file a renewed motion if "it becomes apparent that Stegawski will indeed be a necessary witness[.]" Docket 49 at 6. The Court also denied Wilson's motion to dismiss and motion for partial summary judgment. Docket 51. Thereafter, the parties engaged in discovery, and based on information learned in discovery, Satschel filed a renewed motion to disqualify Stegawski. Docket 68. Wilson opposed the renewed motion. Docket 75.

After examining the discovery and exhibits in the record and considering the parties' arguments, the Court granted Satschel's renewed motion. Docket 92. The Court determined, particularly in light of questions Stegawski asked Choi during Choi's deposition and Stegawski's declaration in the record, that "Stegawski is the only witness available to explain his perception of relevant

2

communications he engaged in with representatives of Satschel on disputed issues of fact in this case." *Id.* at 8. The Court further determined Satschel established that the information sought is crucial to the preparation of its case and nonprivileged. *Id.* at 10–11. Although depriving Wilson of his chosen counsel would result in a hardship to Wilson, the Court did not find the hardship to be substantial considering that Wilson had previously represented to the Court that he could rely on local counsel, Sander Morehead, to try the case in the event of disqualification. *Id.* at 12.

Dissatisfied with the Court's ruling, Wilson now claims the Court applied the wrong law to Satschel's motion—South Dakota state law rather than federal law—and further that the Court decided the matter incorrectly. *See generally* Docket 101. According to Wilson, although the case the Court relied on—*Poulos v. Summit Hotel Props., LLC*, No. 09-4062-RAL, 2010 WL 2034634 (D.S.D. May 21, 2010)—says that South Dakota state law applies to a motion to disqualify counsel filed in diversity cases, the district judge in *Poulos* got it wrong by citing a case that did not support that proposition. Docket 101 at 3–4 (contending, "respectfully, *Poulos* provided an incorrect statement of the law"). Wilson also argues that "[s]weeping precedent provides that a motion to disqualify counsel in a federal district court proceeding must be analyzed under federal law." *Id.* at 2.

Curiously, when Wilson briefed his opposition to Satschel's first and renewed motions to disqualify counsel, Wilson not only relied on *Poulos*, he cited South Dakota state statutes and a South Dakota Supreme Court opinion

as governing law. *See* Docket 32 at 14–18, 24, 27–29; Docket 75 at 12–13, 25–27. To now say that this Court erred when it applied the very law on which Wilson relied is disingenuous. Regardless, Wilson has not shown that the Court committed a manifest error of law when ruling on Satschel's motion to disqualify counsel.

The Court's orders on the motions to disqualify counsel show reliance on both South Dakota state law and the standards developed under federal law. *See* Dockets 49 and 92. For example, in both orders, the Court cited Rule 3.7 of the South Dakota Rules of Professional Responsibility, multiple South Dakota Supreme Court opinions, and SDCL § 19-1-3. Docket 49 at 3–4; Docket 92 at 5–6, 8, 11–12. The Court also cited and relied on applicable federal standards developed by the Eighth Circuit, including that disqualification motions are subject to strict judicial scrutiny because of the potential for abuse by opposing counsel. Docket 49 at 5–6; Docket 92 at 6, 12.

Further, the Court's approach to resolving Satschel's motions to disqualify counsel is consistent with that taken by other judges in this district. *See Atmosphere Hosp. Mgmt., LLC v. Curtullo,* No. 5:13-CV-5040-KES, 2015 U.S. Dist. LEXIS 72955 (D.S.D. June 5, 2015); *Poulos,* 2010 WL 2034634, at *8; *Bjornestad v. Progressive N. Ins. Co.,* No. CIV 08-4105, 2009 WL 2588286, at *3 (D.S.D. Aug. 20, 2009) (relying on South Dakota statutes and case law when reviewing argument that plaintiff's counsel's testimony would be necessary at trial). It also aligns with the "[s]weeping precedent" cited by Wilson. Docket 101 at 2–3 (first citing *White Cap Constr. Supply, Inc. v. Tighton*

4

*Fastener and Supply Corp.*, No. 8:08CV264, 2010 WL 3259355, at *5 (D. Neb. Aug. 16, 2010); then citing *Dr. John's, Inc. v. City of Sioux City, Iowa*, No. C03-4121-MWB, 2007 WL 5788, at *6 (N.D. Iowa Jan. 2, 2007); then citing *Dynamic 3D Geosolutions LLC v. Schlumberger Ltd. (Schlumberger N.V.)*, 837 F.3d 1280, 1284–85 (Fed. Cir. 2016); then citing *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312–14 (5th Cir. 1995); and then citing *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994)).

Nevertheless, Wilson, in his reply brief, raises a new argument that South Dakota law conflicts with federal law and that this "conflict materially affects the Court's analysis in this case." Docket 104 at 3. He acknowledges that the South Dakota Supreme Court adopted the test from *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), and then applied that test when considering whether to disqualify counsel at the pretrial stage. Docket 104 at 3. However, according to Wilson, this approach is "undisputably inconsistent with federal law" because "in most jurisdictions, a lawyer who is likely to be a necessary witness may still represent a client in the pretrial stage." *Id.* at 3–4. He therefore contends that "under the correct federal standard, disqualification of counsel at this stage is simply premature." *Id.* at 5.

Wilson previously argued—at the time the renewed motion for disqualification was pending—that disqualification of his chosen counsel at the pretrial stage would be premature and would constitute reversible error. Docket 75 at 14–16. However, he did not argue that South Dakota's law

regarding pretrial disqualification conflicts with federal law. In fact, he seemed to concede that pretrial disqualification can result when a moving party satisfies the Eighth Circuit's test in *Shelton. See id.* at 27. Even so, Wilson has not shown that the Court committed a manifest error of law based on the timing of the Court's decision to disqualify Stegawski.

Wilson next requests the Court reconsider the merits of its decision to disqualify Stegawski. *See* Dockets 101 and 104. Wilson maintains that disqualification is unwarranted because Stegawski is not a necessary witness and the matters on which he would testify are undisputed. Docket 101 at 6–10; Docket 104 at 5–6. He also contends that the information Satschel seeks from Stegawski is privileged. Docket 101 at 10–11; Docket 104 at 7–19.

Wilson's arguments in this regard restate points already considered and rejected by the Court when it ruled on Satschel's renewed motion to disqualify counsel and, thus, are not a basis for reconsideration.[1] *See Schnuck Mkts., Inc. v. First Data Merch. Servs. Corp.,* 852 F.3d 732, 740 (8th Cir. 2017) (finding no abuse of discretion in denial of Rule 54(b) motion which essentially restated arguments advanced in underlying motion). Further, to the extent Wilson relies on new factual or legal arguments, reconsideration remains unwarranted

---

[1] While Wilson's motion for reconsideration was pending, the Court granted Satschel leave to file a supplemental affidavit and FINRA letter in support of its opposition to the motion for reconsideration. Docket 113. Wilson filed a response explaining why the FINRA letter does not support Stegawski's disqualification and further why this Court's disqualification of Stegawski was erroneous. Docket 115. Satschel filed a reply taking issue with Wilson raising new legal arguments without leave of the Court. Docket 116. It is unnecessary to consider the FINRA letter at this juncture, and the Court declines to consider Wilson's new arguments related to its motion for reconsideration.

because Wilson could have argued these points at the time the renewed motion to disqualify counsel was pending. *See Trail King Indus., Inc. v. United States*, No. 4:24-CV-04164-RAL, 2025 WL 3056515, at *1 (D.S.D. Oct. 2, 2025) (recognizing that a Rule 54(b) motion is not meant for raising new legal or factual arguments that could have been made but were not). Finally, just because Wilson disagrees with the Court's decision does not mean the Court committed a manifest error of law or fact warranting reconsideration.

In what appears to be an alternative request, Wilson asks the Court to hold an evidentiary hearing to determine whether disqualification is necessary by having Stegawski testify on the alleged specific areas of factual dispute.[2] Docket 101 at 11–12; Docket 104 at 20–21. According to Wilson, this would have been a less drastic measure than outright disqualification, and the Court could still hold such a hearing. Docket 101 at 11.

While the Court could have held an evidentiary hearing before ruling on Satschel's renewed motion to disqualify counsel, it was not required to do so. Moreover, the Court issued its decision disqualifying Stegawski after determining that Satschel met its burden of showing that disqualification was warranted. To be sure, the Court did not reach its disqualification decision

---

[2] Wilson offers additional alternatives, including that Stegawski could submit an affidavit under seal for in camera review attesting to why the contractual provisions were drafted the way they were and that Wilson could stipulate to certain facts that a jury would be instructed to assume as true. Docket 101 at 8; Docket 104 at 21. Satschel opposes Wilson's alternative requests. Docket 103 at 11, 17. Wilson has not shown a basis for allowing him to control Satschel's presentation of the evidence or to dictate what issues are materially disputed. Therefore, the Court declines to consider Wilson's alternative suggestions.

lightly. It obeyed the Eighth Circuit's caution and imposed disqualification only because the record evidence revealed that Stegawski's participation in pretrial activities, such as taking depositions or acting as trial counsel for Wilson, implicates the risk of blurring the roles of advocate and witness. *See* Docket 92 at 8–9. *Cf.* Docket 49 (declining to grant Satschel's motion to disqualify because of an insufficient showing). Indeed, when Stegawski questioned Choi during Choi's deposition—a deposition that could be entered into evidence at trial—Stegawski acted as both an advocate and witness by interjecting his personal views about the meaning and significance of conversations he had with Choi prior to litigation. *See* Docket 92 at 9.

Although Wilson disagrees with the Court's reasoning, he has not shown a manifest error of law or fact. Therefore, the Court declines to reconsider its order granting Satschel's renewed motion to disqualify counsel.

## CERTIFICATION FOR INTERLOCUTORY APPEAL

### I.    Legal Standard

"A district court may certify a question for interlocutory appeal by stating in writing that a nonfinal order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *City of Council Bluffs v. U.S. Dep't of the Interior*, 11 F.4th 852, 858 (8th Cir. 2021) (quoting 28 U.S.C. § 1292(b)). The requirements are jurisdictional; therefore, if the statutory prerequisites are not met, the court of appeals cannot entertain the appeal. *White v. Nix*, 43 F.3d

374, 376 (8th Cir. 1994). "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.*

## II.   Discussion

Although a disqualification order may properly be certified for interlocutory appeal, *Richardson-Merrell, Inc. v. Koller,* 472 U.S. 424, 435 (1985), Wilson has not satisfied the statutory prerequisites for certification. Wilson did not identify a controlling question of law on which there is a substantial ground for difference of opinion. In fact, according to Wilson, there exists "[s]weeping precedent" controlling the resolution of a motion to disqualify counsel, and this Court simply failed to apply the correct law. *See* Docket 101 at 1–2. It is well settled that mere disagreement with the Court's decision does not warrant certification for interlocutory appeal. *See Sturgis Area Chamber of Com. v. Little Sturgis Rally and Races for Charity, Inc.,* No. CIV. 08-5024-KES, 2009 WL 10722465, at *2 (D.S.D. May 20, 2009) ("A party's disagreement with the court's ruling does not constitute a 'substantial ground for difference of opinion.'" (citation omitted)).

Nevertheless, in his reply brief, Wilson suggests that certification is proper because a conflict in the law exists and the Eighth Circuit has not yet addressed the question. Docket 104 at 23. On the contrary, the only conflict that exists is the one manufactured by Wilson—his claim that this Court's decision goes against the "overwhelming precedent" he cites supporting that federal law applies to motions to disqualify counsel. *See id.* As the Court

indicated, it applied both South Dakota state law and standards under federal law when ruling on Satschel's motions to disqualify counsel. But even if the Court assumes the Eighth Circuit has yet to rule on the issue raised by Satschel, "substantial ground for difference of opinion does not exist merely because there is a dearth of cases." *See White*, 43 F.3d at 378 (concluding that the absence of precedent directly dealing with the issue at hand does not constitute a substantial ground for difference of opinion).

Finally, Wilson has not shown that an immediate appeal from the order granting disqualification will materially advance the ultimate termination of the litigation. Rather, he contends that an immediate appeal will potentially save this Court and the parties resources because the time and expense of a trial will be "lost if the Court's ruling was incorrect." Docket 104 at 23. Importantly, litigation in this case would proceed in the same manner regardless of how the Eighth Circuit resolves the attorney disqualification issue. *See Sacred Heart Health Servs. v. MMIC Ins., Inc.*, No. 4:20-CV-4149-LLP, 2022 WL 595888, at *2 (D.S.D. Feb. 28, 2022) (denying certification in part because "litigation would proceed on these claims regardless of how the Eighth Circuit would decide the questions that Defendants seek to certify"); *White*, 43 F.3d at 378.

Importantly, an interlocutory appeal is "not intended merely to provide a review of difficult rulings in hard cases." *Sacred Heart*, 2022 WL 595888, at *1 (citation omitted). Further, "[i]t has, of course, long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White*, 43

10

F.3d at 376 (citation omitted). Therefore, "§ 1292(b) 'should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation[.]'" *Id.* (citation omitted). Because Wilson has not met his heavy burden of demonstrating that this case is an exceptional one for which an immediate appeal is warranted, the Court declines to grant his request to certify the order disqualifying counsel for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## CONCLUSION

Accordingly, it is hereby

ORDERED that Wilson's motion for reconsideration or, in the alternative, certification for interlocutory appeal, Docket 100, is denied

Dated May 27, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

11