UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SATSCHEL, INC., <br><br> Plaintiff, <br><br> vs. <br><br><br> GREGORY WILSON, <br><br> Defendant. | 4:23-CV-04159-CCT <br><br><br> ORDER ON PLAINTIFF'S MOTION <br> FOR ATTORNEY'S FEES <br><br> DOCKET NO. 110 |

**INTRODUCTION**

This matter is before the court on Satschel, Inc.'s complaint sounding in diversity against Gregory Wilson.  See Docket No. 3.  Satschel asserts claims of fraud in the inducement, rescission and restitution, and breach of contract in association with Satschel's purchase of Wilson's shares in Variable Investment Associates, Inc. (VIA) and Wilson Insurance Marketing Organization, LLC (WIMO).  Id.

Previously, Wilson filed a motion to dismiss this case as a sanction [Docket No. 61] and Satschel filed a motion to compel discovery [Docket No. 63].  Both motions were decided adversely to Wilson.  See Docket Nos. 95-96, 105-06.  Satschel now moves for an award of attorney's fees pursuant to Fed. R. Civ. P. 37 for the attorney time spent on both motions.  Docket No. 110.

Wilson resists the motion.  Docket No. 117.  The district court referred

Satschel's motion to this magistrate judge for determination.  See Docket No.

121.

## DISCUSSION

### A.    Fed. R. Civ. P. 72 and 28 U.S.C. § 636(a)

Wilson's first argument in opposition to Satschel's motion for fees is that

Satschel has forfeited or waived the right to object.  The argument goes like

this:  once a magistrate judge issues an opinion, either party may contest the

opinion by filing objections within 14 days.  See Fed. R. Civ. P. 72 and 28

U.S.C. § 636(a).  When this court issued its order on Satschel's motion to

compel [Docket No. 96] and when it issued its report and recommendation on

Wilson's motion to dismiss [Docket No. 95], no provision for attorney's fees was

included in either of those opinions.  Accordingly, Wilson argues, Satschel

should have objected to the absence of the award of attorney's fees in those

opinions and was required to do so within 14 days.  Docket No. 117 at 4-5.

Because Satschel did not object to this court's wholly favorable opinions,

Wilson argues Satschel has waived its right to obtain attorney's fees.  The court

does not agree.

Rule 37, which is the rule providing for attorney's fees on discovery

motions, says that fees are available to the prevailing party after giving the

losing party an opportunity to be heard.  Fed. R. Civ. P. 37(a)(5)(A) and (B).  At

the time this court issued its opinions, it could not be said who the prevailing

party was until after the 14-day appeal period concluded.  If no objections to the order were lodged, then this court's order became effective after 14 days. As to the report and recommendation, that opinion did not become effective until the district court issued its order adopting the R & R—up until then, the opinion was merely a recommendation.  Docket No. 105.

Once the district court issued its orders ruling on both of this magistrate judge's opinions—February 9, 2026—it then was known who the prevailing party was on those motions:  it was Satschel.  Thereafter, Satschel moved for attorney's fees.  Docket No. 110.  So the non-final nature of this court's orders did not determine who was the prevailing party on the two motions.  Only after the district court ruled could that fact be determined.  Neither Rule 72 nor § 636(a) address the time frame for a prevailing party on a discovery motion to request attorney's fees.  Rule 37, however, says that such requests shall not be granted until after giving the losing party an opportunity to be heard.  Fed. R. Civ. P. 37(a)(5)(A) and (B).

Finally, the court notes that—as the prevailing party—Satschel would have the right to be compensated for their attorneys' time spent responding to Wilson's objections to this court's opinions.  Therefore, at the time this court issued its opinions, Satschel could not know the total time and money spent on attorney's fees in connection with the two motions.  That fact could only be ascertained after Satschel filed the last of its briefs.  For all these reasons, the

court rejects Wilson's opposition to Satschel's motion based on Rule 72 and § 636(a).

## B.   Substantially Justified

Wilson's next argument is that Wilson's position regarding the discovery requests was substantially justified and, therefore, no fees should be awarded. Docket No. 117 at 5-11.  Rule 37 specifically states that a court should not award attorney's fees as a sanction to the prevailing party on a discovery motion if "the opposing party's nondisclosure, response, or objection was substantially justified."  Fed. R. Civ. P. 37(a)(5)(A)(ii).

### 1.   Wilson's Personal Financial Information

Wilson argues that his resistance to Satschel's discovery request concerning his personal financial information was substantially justified and, therefore, sanctions should not be awarded.  Satschel served Wilson with a request for the production of "all documents that set forth Your personal financial condition, assets, liabilities, net worth, and income for the past three (3) years."  Docket No. 65-15 at 4.  Wilson objected.  When Satschel met and conferred with Wilson to try to resolve the dispute, Satschel offered to compromise by limiting the request to Wilson's disclosure of all assets and liabilities exceeding $1,000.  Docket No. 64 at 11.  Wilson rejected this olive branch and disclosed only assets in excess of $10,000 in value.  Docket No. 65-19 at 4, 7-8.

In resolving Satschel's motion to compel, this court adopted Satschel's compromise position and ordered Wilson to disclose all assets with a value of $1,000 or more. Docket No. 96 at 8. *This court* did not reduce the scope of Satschel's request; *Satschel did* in an attempt to resolve the discovery dispute. As to the issue presented to this court, this court fully adopted Satschel's position. The court fully rejected Wilson's unsupported argument that the discovery of assets worth less than $10,000 was disproportionate to the needs of the case. Id. at 4-8. Therefore, the court concludes that Wilson's position in the motion was not substantially justified as to this discovery request.

**2.     Discovery as to 2013 FINRA Application**

Wilson also argues that his resistance to Satschel's discovery requests for documents related to Wilson's 2013 application to FINRA to use liquiditymaker.com as an ATS was substantially justified and, therefore, cannot be a basis for sanctions. But in ruling on Satschel's motion to compel, this court granted the motion fully in connection with the three requests for documents related to Wilson's failed 2013 FINRA application. Docket No. 96 at 8-11.

Wilson's argument that his position was "substantially justified" rests on two bases. First, he points out that his written objections to the discovery request were "thorough and detailed" and not "boilerplate," so those objections were "substantially justified." Docket No. 117 at 8-9.

Second, he argues (again) that Satschel's fraud claim based on Wilson's statements and omissions in connection with liquiditymaker.com are without merit.  Id. at 9-11.  But that argument on the merits of Satschel's fraud claim—presented on summary judgment and in his motion for sanctions—was rejected by both this court and by the district court.  See Docket Nos. 93, 96, & 106.

As Wilson acknowledges, "substantially justified" means that reasonable people could differ as to the discoverability of the disputed documents.  Docket No. 117 at 6.  But the scope of discovery under Rule 26 is extremely broad—it extends to all discovery that is not privileged that is relevant to any party's claim or defense.  See Fed. R. Civ. P. 26(b)(1).  Here, it is incontestable that the discovery sought by Satschel was relevant to Satschel's fraud claim. Discoverability does not depend on whether Satschel will ultimately succeed on that claim—success on the merits is reserved for Rule 56 motions and for trial. The court concludes that Wilson's resistance to Satschel's discovery requests concerning Wilson's 2013 FINRA application was not substantially justified because reasonable minds could not disagree about whether the documents requested were discoverable under Rule 26.

**3.    Wilson's Motion for Sanctions**

Wilson also argues that Satschel should not be entitled to attorney's fees for the time and cost of responding to Wilson's motion to dismiss for discovery sanctions.  Wilson's argument is two-fold.  First, he argues that a dispositive motion such as his motion to dismiss (Docket No. 61) falls outside the purview

of Rule 37.  Second, even if Rule 37 applies, he argues that the position he took in the motion for sanctions was substantially justified.

As to the first argument, Wilson himself invoked Rule 37 as the primary basis for his motion to dismiss.  See Docket No. 62 at 17.  Rule 37 provides for sanctions in the form of attorney's fees for the prevailing party who opposes a discovery motion that is denied.  See Fed. R. Civ. P. 37(a)(5)(B).  The court denied Wilson's discovery motion based on Rule 37.  Docket Nos. 95 & 105.  Accordingly, this court concludes that Rule 37 sanctions do apply to Wilson's failed motion to dismiss.

The court also rejects Wilson's assertion that the position he took in his motion to dismiss was substantially justified.  Wilson filed his motion to dismiss for discovery sanctions based on Satschel's failure to provide documents relative to ARQ in connection with discovery requests Wilson had served.  See Docket No. 62.  When the parties met and conferred, Wilson never mentioned to Satschel that he believed he was owed any records pertaining to ARQ.  Docket No. 72 at 6-7.  In addition, Wilson independently subpoenaed documents from ARQ and from FINRA seeking applications made by ARQ.  Id. at 7-8.  When the court reviewed Wilson's discovery requests, it was not at all clear that they called for the production of ARQ records.  Docket No. 95 at 6-7.  ARQ was never mentioned in the discovery requests.  Id.  The court accordingly denied Wilson's motion to dismiss the lawsuit for supposed discovery abuses by Satschel in not turning over the ARQ documents.  Docket Nos. 95 & 105.

This court concludes Wilson's position in the motion to dismiss was not substantially justified.

### C.    The Amount of Attorney's Fees Requested

Finally, Wilson resists Satschel's motion for attorney's fees on the grounds that the amount requested is "grossly inflated and unreasonable." Docket No. 117 at 14-17.  The lodestar method is the most commonly-applied analysis for determining attorney's fee awards and is figured by multiplying the number of hours reasonably expended by the reasonable hourly rates.  Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. Feb. 22, 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D.Kan. 2000); and Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for attorney's fees is reasonable. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

Once the lodestar is calculated, there are twelve factors that are relevant in considering whether that figure should be adjusted up or down:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

See Hensley v. Eckerhart, 461 U.S. 424, 430 n.3, 434 (1983) (citing the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2-106). "[T]he most critical factor is the degree of success obtained." Id. at 436.

Here, Satschel requests a total of $42,664.79 in attorney's fees for its work on the two motions. Docket No. 112, 112-1. A total of 116.3 attorney hours and 4.4 hours of paralegal time were spent. Id. Hourly rates ranged from $400 per hour to $150 per hour. Id. Satschel filed two briefs on its own motion to compel and a third brief to respond to Wilson's objections to this court's order on the motion. See Docket Nos. 64, 79, & 102. On Wilson's motion to dismiss, Satschel filed one brief in opposition and one brief responding to Wilson's objection to this court's recommendation. See Docket Nos. 72 & 99. Numerous supporting documents were filed also in connection with both motions. See Docket Nos. 65 & 71.

Wilson provides the court with a detailed, short-hand set of objections to Satschel's attorney's bills. See Docket No. 117-2. Wilson does not object to the

hourly rates for any of the attorneys.  Id.  The court has reviewed those rates and finds that they are reasonable hourly rates for this locality and for the type of work that was done.

There are 86 separate time entries in the itemization of the fees requested.  Id.  Of those 86 entries, Wilson objects to all but seven of the time entries.  Id.  The seven time entries not objected to were all made by attorney Justin Clarke and total 8.1 hours at a rate of $400 per hour for a total fee of $3,240.  The court will not address these seven time entries because they are not objected to.

Every time entry submitted by Satschel for work in responding to Wilson's motion to dismiss is objected to by Wilson as "not related to motion to compel."  See, e.g. id. at 1 (time entry for April 2, 2025).  As discussed above, this court has rejected Wilson's argument that no sanctions are available for Satschel in responding to Wilson's unsuccessful motion to dismiss.  For this reason, Wilson's objections to the following time entries (on the basis that sanctions are not available for work on the motion to dismiss) are overruled: April 2, 3, 4, 14, 15, 18, 21, 22, 23; May 7; July 23; November 19, 25, 26; December 1, 2, 3, 4,4, 8, 9, 10, 11, 12, 15, 16, 17, 18.

Each of the time entries from February 6, 2025, through March 26, 2025, are for time spent preparing to or engaging in the meet-and-confer process.  Id. at 1.  Wilson objects to these entries as "general litigation expense."  Id.  The court agrees.  Both the Federal Rules of Civil Procedure and

10

this court's local rules require parties to engage in the meet and conferral process before any discovery motion can be filed.  See Fed. R. Civ. P. 37(a)(1); DSD LR 37.1.  The meet-and-confer requirement is a prerequisite to filing a discovery motion, but is not properly considered a compensable expense in the actual filing of (or responding to) a discovery motion.  These entries total 16.5 hours of attorney time and the court excludes them from the requested award.

Another meritorious objection by Wilson is to the one-hour entry on July 23, 2025, on the basis that the time entry is not related to the motion to compel.  Wilson is correct—this entry appears to be related to the motion for summary judgment filed by Wilson (Docket No. 82).  On July 23, 2025, Wilson filed his reply on that motion and Satschel's corresponding time entry reads "analyzed reply pleadings of Defendant."  See Docket No. 117-2 at 4.  The briefing on the motion to compel and the motion to dismiss had been completed as of May 23, 2025.  See Docket No. 79.  Therefore, the court excludes this one-hour entry.

Wilson objects to two of Satschel's November 25, 2025, time entries for reviewing Wilson's objections to this court's report and recommendation.  See Docket No. 117-2 at 4.  Wilson notes parenthetically that he filed his objections on December 4, but that is wrong.  Wilson objected to *both* of this court's orders.  The first objection was filed November 25, 2025, to the report and recommendation.  See Docket No. 97. The *second* objection was filed December

11

4, 2025, to this court's order compelling discovery.  <u>See</u> Docket No. 98.  The objection to the November 25 entry is overruled.

Wilson's remaining objections to the remaining time entries are that the entries represent either "block billing" or "duplicate billing," or both.  The court has reviewed the remaining entries and finds that it can readily discern what actions were taken by the time-keeper, defeating the "block billing" objection. As to duplication, there is some small amount of duplication, but very little. For the most part, Satschel's attorneys relegated tasks efficiently between them.  The court overrules Wilson's "block billing" and "duplicate billing" objections.

After sorting through all the objections, the court is left with the following:

| Name of Time Keeper | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Justin Clarke | $400.00 | 52.8 | $21,120 |
| Alayna Holmstrom | $275.00 | 10.2 | $ 2,805 |
| Alayna Holmstrom | $300.00 | 0.4 | $ 120 |
| Michael Snyder | $305.00 | 14.4 | $ 4,392 |
| Sydney Boots | $210.00 | 10.9 | $ 2,289 |
| Anthony Metzgar | $210.00 | 10.1 | $ 2,121 |
| Megan Glass | $150.00 | 4.4 | $ 660 |
| **TOTAL:** | | **103.2** | **$33,507** |

Because there is some small amount of duplication, the court reduces the above total by 10 percent to **$30,156.30.**

Wilson also objects to Satschel's fee request by comparing the total requested to the totals awarded in other cases. <u>See</u> Docket No. 117 at 16. The court agrees that even the reduced figure of $30,156.30 appears high on first glance. But this case involved two motions, not one, and it involved objections to the district court on both of those motions.

In a typical discovery dispute, the party seeking attorney's fees usually files two briefs—an initial supporting brief and a reply. In this case, as detailed above, Satschel filed five briefs in connection with both motions and Wilson's objections, plus numerous supporting documents. Satschel's attorneys also had to read the pleadings filed by Wilson. Wilson's supporting documents for his motion to dismiss totaled 353 pages. <u>See</u> Docket No. 61-1 through 61-19. Considering all the work that was necessitated herein, the court finds a total award of $30,156.30 to be reasonable.

**CONCLUSION**

Based on the foregoing facts, law, and analysis, it is hereby

ORDERED that plaintiff Satschel, Inc.'s motion for attorney's fees (Docket No. 110) is granted in part and denied in part as detailed above in this opinion. Defendant Gregory Wilson shall pay to Satschel, Inc. the sum of **$30,156.30** in attorney's fees for work done as the prevailing party in opposing Wilson's motion to dismiss and in prosecuting Satschel's own motion to compel. It is further

ORDERED that Gregory Wilson shall pay the additional sum of **$1,869.69** to Satschel, Inc. for sales tax (6.2%) on the award of attorney's fees.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections unless an extension of time for good cause is obtained.  FED. R. CIV. P. 6(b)(1), 72(a).  Failure to file timely objections will result in the waiver of the right to appeal this ruling.  United States v. Becerra, 73 F.4th 966, 972-73 (8th Cir. 2023).  Objections must be specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990).

DATED this 1st day of July, 2026.

BY THE COURT:

_____

VERONICA L. DUFFY

United States Magistrate Judge

14